# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

No. 86

TOLEDO COOKER CO. v. FIRST NAT. BANK

Ohio Appeals, 6th Dist., Lucas Co.

No. 1590.   Decided Nov. 16, 1925

1255.  WARRANTY, Implied—Where patent number is given as covering certain inventions there is no implied warranty where contract specifically states an express warranty.

YOUNG, J.

The First National Bank of Madison, Wisconsin, brought an action against the Toledo Cooker Co., of Toledo, in the Lucas Common Pleas, to recover on a promissory note amounting to $4946.11.  The note of executed by the Cooker Co. to the Hankscraft Co. of Madison and turned over to the bank by the latter.  The alleged consideration for the note was in payment of goods delivered to the Cooker Co.

The Hankscraft Co. agreed to furnish the Cooker Co. certain materials known as electrical controls to be attached to fireless cookers.  It was claimed by the Cooker Co. that the controls were defective and failed to work correctly.  The agreement provided that "Hankscraft guarantees its products shall show no electrical or mechanical defect for a period of one year from date of purchaser by use thereof, etc."

The Cooker Co. set forth in its answer, a failure of consideration, a breach of express warranty and claimed that the Bank was not a holder in due course of business.  The lower court directed the jury to bring in a verdict in favor of the Bank.  The motion for a new trial was overruled and error was prosecuted to the Court of Appeals which held:

1.  The most important issues are whether the bank was a holder of the note in due course of business, whether there was a breach of express warranty, and whether there is evidence to submit the case to the jury.

2.  The Cooker Co. contends that the bank is not a bona fide holder in due course of business for the reason that the bank had knowledge of the defects in the goods complained of.

3.  It is also contended that the note remained on deposit long after maturity thereof and that since the bank had not actually disbursed the money, it was not a holder in due course of business.

4.  The mere discounting and crediting of the amount on the depositor's account, without making payment or incurring increased obligations or liability is not sufficient to make the bank a bona fide holder for value and the bank in the instant case was not a holder in due course of business.

5.  The fact that the contract between the two original parties provided that all defective electrical appliances would be replaced by the Hankscraft Co., does not make this provision mandatory but merely supplementary and optional on part of the Cooker Co.

6.  The principle seems to be that as the article received is not the kind of article agreed upon, the expected consideration for the note given in payment thereof never passed.

7.  Sec. 8395 GC. provides in case of a contract to sell or a sale - - - - under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.  This section is not applicable to the instant case where the contract specifically states an express warranty.

8.  There is evidence tending to show a breach of the express warranty and there is sufficient evidence to warrant the presentation of the facts to the jury.

Judgment reversed and cause remanded.

Attorneys—Fraser, Hiett & Wall for Cooker Co.; Smith, Baker, Effler and Eastman for Bank; all of Toledo.